

'07 DEC 6 AM 8 25

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA For the Use and Benefit of ROCKING D&R RANCH, INC., a Montana Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES TALCOTT CONSTRUCTION, INC., a Montana Corporation, and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation,<br><br>Defendants. | No. CV-06-09-GF-SEH<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER |

## INTRODUCTION

This case came on for trial before the Court, sitting without a jury, on December 5, 2007, the Honorable Sam E. Haddon presiding. Plaintiff was represented by Dennis Tighe, Esq., Davis, Hatley, Haffeman & Tighe, P.C. Defendants were represented by Denise L. Rothwell, Esq., Bronson, Luinstra, Rothwell & Young, PLLC.

Oral testimony was presented and documentary evidence was received. From the record, the Court makes the following:

## FINDINGS OF FACT

1. James Talcott Construction, Inc. (Talcott) was the general contractor to the United

States on the Dorm 735 project at Malmstrom Air Force Base in 2003, 2004 and 2005.

2. Liberty Mutual Insurance Company (Liberty Mutual) issued the required Miller Act payment bond to Talcott for the Dorm 735 project.

3. Talon Plumbing and Heating (Talon) was the mechanical subcontractor to Talcott on the project.

4. Rocking D & R Ranch, Inc. (Rocking D & R) was a subcontractor to Talon.

5. Doug Mullins (Mullins) is the president of Rocking D & R.

6. On November 11, 2003, Rocking D & R entered into a written contract with Talon to perform the testing, adjusting and balancing of the heating and cooling water and air systems on the Dorm 735 project for the contract price of $24,400.00.

7. Rocking D & R completed a portion of its work on the Dorm 735 project and on or about July 19, 2004, submitted a "Certified Test, Adjust, and Balance Report" and a "Deficiency Report" to Talon for the work. (Exs. 106, 110-3). The Deficiency Report was required by the project specifications.

8. The Deficiency Report stated that Rocking D & R could not complete the required testing and balancing work in July of 2004 because: a heat exchange water system had not yet been installed, and the heating plant at Malmstom Air Force Base was not in operation at that time. (Ex. 110-3). Rocking D & R gave notice in the Deficiency Report that it would have to return to the job site to complete its work after the heat exchange water system was installed and the heating plant was in operation. Id.

9. Rocking D & R sent a billing invoice to Talon in the amount of $24,400.00 on August 23, 2004. (Ex. 30d).

2

10. On or about October 22, 2004, Talcott asked Rocking D & R to submit a "conditional lien waiver" for the work it performed on the Dorm 735 project. The waiver was conditioned upon receipt by Rocking D & R of $24,400.00. Rocking D & R sent a signed "conditional lien waiver" to Talcott on October 25, 2004, and, as of that date, Talcott was on actual notice of the amount claimed by Rocking D & R. (Exs. 134-2, 134-3).

11. Talon failed to pay its subcontractors including Rocking D & R in the summer and fall of 2004. Talcott was aware of the non-payment.

12. In early January, 2005, Bill Stott, an employee of Talcott, telephoned Mullins and told him that Talcott would not pay him the full amount of his contract claim for the Dorm 735 work, but would pay him half. Mullins refused to accept payment of less than the contract price.

13. Talon directed Mullins to report to Dorm 735 to address a problem with hot water service on February 1, 2005. Mullins went to the job site on February 1, 2005, and tested and balanced the heat exchange unit. (Exs. 140-5, 140-6, 140-7, 145-3). The heat exchange unit tested and balanced was the one that had not been installed at the time Rocking D & R prepared its initial testing and balancing report in July, 2004, and that was identified in the Deficiency Report as not being installed as of July 19, 2004. Rocking D & R tested and balanced the unit for the first time on February 1, 2005. The heat exchange unit was part of the hot water system that Rocking D & R was obligated to test and balance under the terms of its contract with Talon and the project specifications.

14. Rocking D & R had not been called out to test and balance the heat exchange unit prior to February 1, 2005.

15. On February 2, 2005, Rocking D & R prepared and submitted to Talon a written

3

report on the testing and balancing work that had been done on February 1, 2005. (Exs. 140-4, 140-5, 140-6, 140-7).

16. Piping for the heat exchange unit had not been correctly installed. However, Rocking D & R was able to test and balance the system in spite of the piping discrepancy.

17. Rocking D & R gave notice of its Miller Act claim in writing to Liberty Mutual and Talcott on February 28, 2005. (Ex. 138).

18. Liberty Mutual and Talcott denied the claim as untimely. (Ex. 147).

19. Rocking D & R has received no payment for the work it performed by contract on the Dorm 735 project.

From the foregoing, the Court enters its:

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter of this action under 40 U.S.C. § 3133(b)(3)(B).

2. Venue is proper under 40 U.S.C. § 3133(b)(3)(B).

3. Rocking D & R and Talon entered into a valid contract. Rocking D & R contracted to test and balance the environmental systems in Dorm 735 at Malmstrom Air Force Base for the contract price of $24,400.00. The contract price was not divisible by units of work and did not require Rocking D & R to certify that all contract work was complete before submitting its statement.

4. Rocking D & R completed a portion of its work under the contract by July 19, 2004. As of that date, all environmental systems had not been tested and balanced due to circumstances beyond the control of Rocking D & R.

5. Talcott received actual notice of Rocking D & R's claim for payment in the amount of $24,400.00 on or about October 22, 2004.

4

6.  The testing and balancing work performed by Rocking D & R on February 1, 2005, was work under its original contract with Talon. The work was not warranty, repair or maintenance work. United States v. Western Electric Co., 337 F.2d 568, 572-73 (9th Cir. 1964).

7.  Rocking D & R's completion of a substantial amount of the testing and balancing work as of July, 2004, does not foreclose proof that additional work was required to complete the contract with Talon. Western Electric Co., 337 F.2d at 572-74.

8.  Rocking D & R provided timely written notice of its claim against the contractor's bond within the 90-day limitation period. 40 U.S.C. § 3133(b)(2).

9.  Rocking D & R is entitled to recover its contract price of $24,400.00.

10. Prejudgment interest to be paid on a Miller Act claim is determined by reference to state law. United States for Varco Pruden Bldgs. v. Reid & Gary Strickland Co., 161 F.3d 915, 922 (5th Cir. 1998); United States ex rel. Intern Business Machines Corp. v. Hartford Fire Insurance Co., 112 F. Supp. 2d 1023, 1034 (D. Hawaii, 2000).

11. Rocking D & R is entitled to prejudgment interest on $24,400.00 at 10% per annum from August 23, 2004. Mont. Code Ann. §§ 27-1-211, 25-9-205.

12. Rocking D & R is entitled to judgment against Liberty Mutual in the amount of $24,400.00 and judgment interest from August 23, 2004.

### ORDER

The Clerk is directed to enter Judgment accordingly.

DATED this 6th day of December, 2007.

/s/ Sam E. Haddon
SAM E. HADDON
United State District Judge